UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATIVE FOODSERVICE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | 23 Civ. 9536 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

     Under the terms of the operative case management plan and scheduling order, any motion to amend was due by February 16, 2024. *See* ECF No. 27. By the terms of the scheduling order, motions filed after this deadline must satisfy the standard of Rule 16(b)(4),[1] which allows for modification of a scheduling order "only for good cause." *See id.*; Fed. R. Civ. P. 16(b)(4). On May 17, 2024, Plaintiff filed a letter motion seeking leave to file an Amended Complaint. *See* ECF No. 22.

     In this action, Plaintiff sues its insurer regarding property damaged by Hurricane Ian and a resulting mold infestation. Plaintiff's proposed Amended Complaint adds in allegations (1) expanding the claimed insurance coverage to all damaged equipment and supplies at the warehouse in question, rather than just those that were replaced, *see id.* Ex. B ¶ 2; (2) regarding a $5,000,000 limit on liability due to certain natural disasters, higher than the $1,000,000 policy limit that it previously alleged, *see id.* ¶¶ 12, 22, 24; and (3) expanding its implied covenant claim to include Defendant's investigation of the losses caused by the storm (rather than a narrower investigation into *the cause of* the losses), Plaintiff's duties under the policy at issue, and Defendant's understanding of the applicable policy limits, *see id.* ¶ 58.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

The parties completed fact discovery on May 16, 2024.  *See* ECF No. 27 at 7(a).  On June 7, 2024, Defendant filed a letter motion seeking an order allowing its experts to inspect Plaintiff's inventory to conduct a physical count of the damaged materials.  *See* ECF No. 36.  Plaintiff filed a letter in response, as well as a cross-motion for a protective order preventing the inspection.  *See* ECF Nos. 38, 41.  Although Defendant frames its request as one for expert discovery, in substance, it seeks to re-open fact discovery to conduct an inventory count, in light of alleged reconciliation issues that came to light in fact discovery.  In a letter between counsel attached to Defendant's letter motion, defense counsel states that it requests a physical inventory "which expense will be for the account of Liberty in the first instance."  *See* ECF No. 36-1, at 5.  In materials submitted in opposition to Defendant's request and in support of its motion, Plaintiff estimates that this process will cost approximately $20,000, as well as labor costs, to undertake.  *See* Carr Decl. ¶ 13, ECF No. 39.

It is hereby **ORDERED** that Plaintiff's request to amend is **GRANTED**.  The Amended Complaint at ECF No. 29 is Plaintiff's operative pleading.  Although the parties dispute Plaintiff's diligence and good faith in seeking amendment, the record presented does not establish that Plaintiff acted so dilatorily that it should be prevented from adjusting its pleadings to comport with the evidence adduced in discovery.  Nor does the timing of Plaintiff's request suggest bad faith: while the parties are reminded that per Individual Rule 2(a)(iv), they should meet and confer prior to seeking relief, that Plaintiff sought leave to amend while the parties were preparing a joint submission does not in and of itself establish bad faith.  Further, Defendant's argument regarding Plaintiff's bad faith in amending to avoid an admission by its corporate representative at a deposition fails, because this admission (if as characterized by Defendant) remains relevant to Plaintiff's claims and may be introduced at summary judgment or

trial.  Finally, any prejudice caused by amendment is addressed by re-opening discovery, as discussed below.

It is further **ORDERED** that fact discovery is re-opened for the limited purpose of conducting fact discovery relevant to the Amended Complaint, i.e., the depositions described in Defendant's opposition to Plaintiff's motion to amend, *see* ECF No. 32 at 9.  Additionally, fact discovery is re-opened to allow Defendant to conduct the inventory count it requests.  Although the request comes three weeks following the close of fact discovery, Defendant provides some basis to conclude that the reconciliation issues prompting the inventory emerged sufficiently late in fact discovery to make some extension appropriate.  If Defendant chooses to proceed with the inventory count, Defendant shall bear the costs described in the Carr Declaration, as well as a reasonable amount for labor necessary to facilitate the inventory count (to be determined by the parties through a good faith meet-and-confer process).  The parties shall complete fact discovery by **July 31, 2024.**  All other case management deadlines remain the same.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 36 and 38.

SO ORDERED.

Dated: June 20, 2024
       New York, New York

_____
DALE E. HO
United States District Judge